IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSHUA DANIEL NORWOOD                                                                    PLAINTIFF

V.                                                  NO. 6:18-CV-06124-RTD

HEATH DICKSON, Individually and in his
Official Capacity; CHRISTOPHER COKE,
Individually and in his Official Capacity;
CURTIS KYLE, Individually and in his Official
Capacity; DONALD MORELAND, Individually
and in his Official Capacity; MIKE CASH, in his
Official Capacity as Sheriff of Hot Spring County,
Arkansas; THE MALVERN CITY POLICE
DEPARTMENT; HOT SPRING COUNTY,
ARKANSAS; THE HOT SPRING COUNTY
SHERIFF'S DEPARTMENT; and THE
ARKANSAS MUNICIPAL LEAGUE                                                              DEFENDANTS

**ORDER**

Before the Court is the Rule 12(b)(6) Motion to Dismiss for failure to state a claim filed by the Arkansas Municipal League (ECF No. 27). Plaintiff has filed a Response in Opposition (ECF No. 32), and the matter is ripe for consideration. For the reasons set out herein, the motion will be GRANTED.

**I. Background**

Th facts are taken from Plaintiff's Complaint and considered true for purposes of analyzing this motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed suit for damages under 42. U.S.C. §1983 alleging deprivation of his civil rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, the Arkansas Constitution, and other claims which arise out of state law. Specifically, Plaintiff claims his Constitutional rights

1

were violated as a result of Defendants' excessive use of force, deliberate indifference to his serious medical needs, and other wrongful acts that took place during and after a traffic stop by officers of the Malvern Police Department in Malvern, Arkansas on December 7, 2016 and a subsequent stay at the Hot Spring County Jail. Plaintiff filed this lawsuit on December 6, 2018, naming as defendants 4 officers of the Malvern Police Department in their individual and official capacities; the City of Malvern, Arkansas; the Malvern City Police Department; the Arkansas Municipal League (the League); Hot Spring County, Arkansas; the Sheriff of Hot Spring County, Arkansas, in his official capacity; and the Hot Spring County Sheriff's Department.

With respect to the League, Plaintiff alleges it is a "local government association whereby participating municipalities can pool their resources and provide liability protection." According to Plaintiff, the City of Malvern is a participating municipality, and the League provides insurance coverage to the City for the acts set forth in Plaintiff's Complaint. Plaintiff contends the League is amenable to suit pursuant to Arkansas statute allowing a direct cause of action against an insurer. (Compl. ¶ 19, ECF No. 1.) Plaintiff alleges further that by "purchasing liability insurance by contract with an insurance company and/or participation in an insurance risk pool that covers claims asserted in this legal action," all Defendants have waived immunity for civil liability in tort.

Defendant Arkansas Municipal League responded to the Complaint by filing its Motion to Dismiss (ECF No. 27) arguing that the League is not a proper party to this case, because it is not an insurance company or an insurer, and it is not a self-insurer as contemplated by Arkansas statutes. Alternatively, the League contends that it is entitled to judgment as a matter of law in accordance with Fed.R.Civ.P. 56. Plaintiff filed a Response in Opposition to the Motion (ECF No. 32) denying that the League should be dismissed, however Plaintiff's response does not include a

a brief or otherwise cite to any points or authorities that refute the League's contention that dismissal is proper.

**II. Standard of Review**

Dismissal is proper if Plaintiff's Complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009). A motion to dismiss for failure to state a claim shall not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 76 S.Ct. 99, 2 L.Ed.Ed 80 (1957). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909 912-13 (8th Cir. 2014). "[A] dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979).

**III. Analysis**

Plaintiff alleges the City is not entitled to immunity from Plaintiff's civil rights claim because the City is covered by liability insurance, and the League is subject to a direct cause of action as the insurer. Plaintiff's argument presupposes that the League is an insurer and the MDLP is an insurance contract. In *City of Marianna v. Arkansas Municipal League*, 291 Ark. 74, 722 S.W.2d 225 (1998), the Arkansas Supreme Court expressly held that Municipal League Defense Program (MLDP) is not an insurance contract finding that the MLDP "was developed by the [League] to provide funds to member cities for the defense of certain types of lawsuits filed against

3

municipal officials and employees." *Id*. at 75. Participation in the MLDP is optional; "the program is not operated for profit and is not actuarially sound; and membership in the program is not open to the public." *Id*. The Supreme Court also found that the MLDP is not an insurance contact primarily because there is no legally binding promise to pay in any and all cases. *Id*. In *Stromwell v. Van Hoose*, 371 Ark. 267, 265 S.W.3d 93 (2006), the Arkansas Supreme Court held that "the MDLP is not a contract at all. Rather it is a program within a constitutionally valid association." *Id*. at 282. The Eighth Circuit has also ruled that the Arkansas MLDP "was established pursuant to Ark.Stat.Ann. §14-54-101 (1987), which permits municipalities to associate for the promotion of their general welfare and to join together in the purchase of services, such as legal fees." *O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir. 1989); *Meade v. City of Dermott, Ark.*, 2014 WL 1316931, *2 (E.D.Ark. 2014) (holding that the League "provides funds to member cities for the defense of certain types of lawsuits, but it does not provide liability insurance to member cities.")

Based upon forgoing authority, this Court finds that Plaintiff cannot state a plausible claim for relief against the League because the MDLP is not an insurance contract and the League is not an insurance company subject to a direct cause of action. Accordingly, the League's motion to dismiss (ECF No. 27) should be and hereby is GRANTED, and the Arkansas Municipal League is hereby dismissed from this case with prejudice.

      **IT IS SO ORDERED**, this 6th day of August 2019.

                                                /s/ *Robert T. Dawson*
                                                ROBERT T. DAWSON
                                                SENIOR U.S. DISTRICT JUDGE