IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSHUA DANIEL NORWOOD                                                 PLAINTIFF

V.                                                      NO. 6:18-CV-06124-RTD

HEATH DICKSON, Individually and in his
Official Capacity; CHRISTOPHER COKE,
Individually and in his Official Capacity;
CURTIS KYLE, Individually and in his Official
Capacity; DONALD MORELAND, Individually
and in his Official Capacity; MIKE CASH, in his
Official Capacity as Sheriff of Hot Spring County,
Arkansas; THE MALVERN CITY POLICE
DEPARTMENT; HOT SPRING COUNTY,
ARKANSAS; THE HOT SPRING COUNTY
SHERIFF'S DEPARTMENT; and THE
ARKANSAS MUNICIPAL LEAGUE                         DEFENDANTS

## ORDER

Before the Court is the Motion to Dismiss filed by separate defendant Malvern City Police Department (ECF No. 29). Plaintiff has filed a Response in Opposition (ECF No. 33), and the matter is ripe for consideration. For the reasons set out herein, the motion will be GRANTED.

**I. Background**

The facts are taken from Plaintiff's Complaint and considered true for purposes of analyzing this motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed suit for damages under 42. U.S.C. §1983 alleging deprivation of his civil rights under the Fourth,

1

Eighth, and Fourteenth Amendments to the Constitution of the United States, the Arkansas Constitution, and other claims which arise out of state law. Specifically, Plaintiff claims his Constitutional rights were violated as a result of Defendants' excessive use of force, deliberate indifference to his serious medical needs, and other wrongful acts that took place during and after a traffic stop by officers of the Malvern Police Department in Malvern, Arkansas on December 7, 2016. During the traffic stop, Plaintiff was placed under arrest and instructed to put his hands behind his back to be handcuffed. Despite informing the officers that he was unable to comply with the instruction because he suffered from arthritis, the officers forced Plaintiff's hands behind his back causing him substantial pain. When Plaintiff reacted to the pain by jerking his arms back, the officers "slammed [Plaintiff] on the ground, breaking two of [his] ribs and held his face in the gravel concrete cutting his face, while they proceeded to force his arms behind his back to place the handcuff's on [Plaintiff], despite the pain it caused as a result of [Plaintiff]'s medical condition." (Compl. ¶ 26, ECF 1.) Plaintiff was transported to the Hot Spring County Jail, taken inside, and handcuffed to a metal bench. Despite verbally complaining of pain and having blood running down his face, the jail staff and officers denied Plaintiff medical attention or assistance. Plaintiff remained cuffed to the metal bench "all night long, never being taken to the hospital or receiving any kind of medial [sic] help." (Compl. ¶ 30.) Plaintiff filed this lawsuit on December 6, 2018, naming as defendants 4 officers of the Malvern Police Department in their individual and official capacities; the City of Malvern, Arkansas; the Malvern City Police Department; the Arkansas Municipal League; Hot Spring County, Arkansas; the Sheriff of Hot Spring County, Arkansas, in his official capacity; and the Hot Spring County Sheriff's Department.

Defendant Malvern Police Department responded to the Complaint by filing its Motion to Dismiss (ECF No. 29) arguing that the Police Department is not subject to suit and should be

dismissed with prejudice from this litigation, because it is not a legal entity separate and apart from the City of Malvern, Arkansas. Plaintiff filed a Response in Opposition to the Motion (ECF No. 33) denying that Defendant Police Department should be dismissed, however Plaintiff failed to brief the issue or otherwise proffer a single point or authority to refute Defendant's argument.

**II. Standard of Review**

Defendant's motion is made generally pursuant to Rule 12, and the Court will construe it as being specifically made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal is proper if Plaintiff's Complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009). A motion to dismiss for failure to state a claim shall not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 76 S.Ct. 99, 2 L.Ed.Ed 80 (1957). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909 912-13 (8th Cir. 2014). "[A] dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979).

//

**III. Analysis**

Local governing bodies and local officials sued in their official capacities may be sued directly under § 1983 for monetary, declaratory, and injunctive relief when the action alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision adopted by those whose acts may fairly be said to represent official policy. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 659, 98 S.Ct. 2018, 2019, 56 L. Ed,2d 611 (1978). However, the issue before the Court is not whether the Malvern City Police Department may be considered a "person" for purposes of liability under §1983, but whether the Police Department is a legal entity subject to suit. The capacity of a local government entity, such as a city police department, to sue or be sued is determined by the law of the state where the court is located. Fed.R.Civ.Pro. 17(b); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Catlett v. Jefferson County*, 299 F.Supp.2d 967 (E.D. Mo. 2004) (granting motion to dismiss because sheriff's department and medical department lacked capacity to be sued under Missouri law);.

Years ago, the Eighth Circuit Court of Appeals affirmed the dismissal of the West Memphis (Arkansas) Police Department from a § 1983 case holding that a police department is only a subdivision of the City and not a suable entity. *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992) ("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or divisions of the City government."). *See also Diggs v. City of Osceola*, 270 Fed.Appx. 469, 2008 WL 786662 (8th Cir. 2008) (police department is simply subdivision of city government and not amendable to suit).

Wherefore, this Court concludes that in Arkansas a city police department is a department or division of the City government and not a legal entity subject to suit. The Court notes that the City of Malvern, Arkansas and Officers Dickson, Coke, Kyle, and Moreland, in their official

capacities as Officers of the City of Malvern Police Department, remain named defendants in this case. Accordingly, Defendant's motion to dismiss should be and hereby is GRANTED, and the Malvern City Police Department is hereby dismissed from this case with prejudice.

    **IT IS SO ORDERED**, this 6th day of August 2019.

    /s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE